# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00032 |
| v. ) | **OPINION AND ORDER** |
| **BRIAN KEITH BUCKERY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Brian Keith Buckery, a federal inmate sentenced by this court, has filed motions to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, and I will grant the motions.

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment

of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

Both before and after the 2018 FSA, if the government gives appropriate notice prior to sentencing pursuant to 21 U.S.C. § 851, and the defendant is found to have been previously convicted of one or more certain types of drug crimes, the minimum and maximum terms of imprisonment and minimum terms of supervised release are increased. 21 U.S.C. § 841(b)(1)(A), (B).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

II.

The defendant was indicted in this court on June 24, 2008, and charged with possessing with the intent to distribute and distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The United States filed a Sentencing Enhancement Information to establish the defendant's prior drug convictions pursuant to 21 U.S.C. § 851, subjecting him to an increased penalty range of a mandatory minimum of 10 years imprisonment and a maximum of life, and an eight-year period of supervised release, due to at least one prior felony drug conviction.[1]

On October 14, 2008, the defendant pleaded guilty. According to the Presentence Investigation Report ("PSR"), the defendant was held accountable for approximately 36.3 grams of cocaine base, consisting of 12.3 grams found on his person and $2,426 seized from his person and converted to the equivalent amount of cocaine base. The defendant was determined to be a career offender, and his Sentencing Guideline range was enhanced in accordance with U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1. He was determined to have a total offense level of 34 and a criminal history category of VI, yielding a guideline range of 262 to 327 months imprisonment.

---

[1] The increase for one or more prior convictions under § 841(b)(1)(B) of 10-years-to-life and a minimum of eight years supervised release was not changed by the 2018 FSA.

On January 26, 2009, the defendant was sentenced below the advisory guideline range to 240 months imprisonment to be followed by eight years of supervised release.[2] On November 4, 2016, the defendant received an Executive Grant of Clemency from President Obama, reducing the term of his sentence to 151 months incarceration and leaving in effect the eight-year term of supervised release. The Bureau of Prisons calculates his current projected release date to be July 19, 2019. The Probation Office estimates that the defendant has served approximately 129 months of imprisonment to date on his sentence.

III.

The United States argues that the defendant is ineligible for a reduction in sentence due to his receipt of an Executive Grant of Clemency. In particular, it contends that because the defendant is serving a presidentially commuted sentence, he is no longer serving a sentence for an offense for which the statutory penalties were modified by the Fair Sentencing Act; rather, he is serving a new sentence imposed by the President.

However, I find that the Executive Grant of Clemency does not render the defendant ineligible for relief under the 2018 FSA. The Executive Grant states, "I hereby commute the total sentence of imprisonment . . ., leaving intact and in

---

[2] The variance was based upon the court's determination of the existence of an unwarranted disparity between the guideline ranges for crack and powder cocaine. Sent. Tr. 9, ECF No. 43.

effect for each named person the term of supervised release imposed by the court with all its conditions and all other components of each respective sentence." Exec. Grant of Clemency 1, ECF No. 53. "In other words, the commutation shortened an existing sentence, it did not impose a new sentence that would place it outside the reach of the First Step Act." *United States v. Dodd*, 372 F. Supp. 3d 795, 798 (S.D. Iowa 2019) (internal quotation marks and citations omitted). In addition, the Fourth Circuit's holding in *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017), does not implicate the defendant's eligibility for relief under the 2018 FSA. *Surratt* stands for the proposition that "the commutation of a sentence moots a legal challenge to the unlawfulness of the prior sentence when the commutation cures the alleged unlawful defect in that sentence." *Dodd*, 372 F. Supp. 3d at 799. However, defendants moving for reduced sentences pursuant to the 2018 FSA are not challenging the unlawfulness of their sentence; rather, they are seeking additional relief under new statutory authority.

Accordingly, under the 2018 FSA, the new statutory sentencing range, if applied to the defendant with the § 851 Information, is up to 30 years imprisonment and at least six years of supervised release. There is no mandatory minimum. 21 U.S.C. § 841(b)(1)(C).[3] The defendant remains a career offender

---

[3] The government does not dispute that if the defendant is eligible for a sentence reduction, § 841(b)(1)(C) applies. United States' Resp. 7–8, ECF No. 68. For some unexplained reason, the defendant asserts that he is subject to a mandatory minimum

with a maximum sentence of 30 years, producing a current sentencing guideline range of 188 to 235 months. USSG § 4B1.1(c)(3).

IV.

Because the defendant is eligible for sentence reduction, and in accord with 18 U.S.C. § 3553(a), I find that I should consider the defendant's offense conduct, as well as any post-conviction rehabilitation or lack thereof, in determining whether or not to reduce a sentence and the extent of any such reduction. See *Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that it is "highly relevant — if not essential — to the selection of an appropriate sentence [to possess] the fullest information possible concerning the defendant's life and characteristics") (alterations and citation omitted).

I have carefully reviewed the defendant's PSR, which includes his criminal history and his offense conduct. I have also considered the reports of his behavior while in federal prison. While the defendant's crime was serious, and he has a lengthy criminal history, he has taken advantage of numerous education courses in prison and has had no disciplinary problems. Considering all of these facts, I find that a sentence of time served is appropriate.

---

sentence of 120 months. Def.'s Mot. 3–4, ECF No. 57. He thus seeks a sentence of that length. The government urges that the court decline its discretion to reduce his present sentence of 151 months since that sentence is below his present guideline range.

Accordingly, it is hereby **ORDERED** as follows:

1.  The Motions to Reduce Sentence, ECF Nos. 57 and 63, are granted;

2.  Defendant Brian Keith Buckery's sentence is reduced to TIME SERVED;

3.  Upon release from imprisonment, the defendant must serve a term of supervised release of six years;

4.  The sentencing judgment in this case otherwise remains the same;

5.  This Order is stayed for a period of 5 days from this date in order to allow the processing of the defendant's release;[4] and

6.  The Probation Office shall provide a copy of this Opinion and Order to the Bureau of Prisons forthwith.

ENTER: July 1, 2019

/s/ *James P. Jones*
United States District Judge

---

[4] It appears that the defendant has a detainer pending against him for a state probation violation.